**Janice GRAFF, Plaintiff/Appellant,**

v.

**Glen KINDER and Betty Kinder,
Defendants/Respondents.**

No. 75086.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 27, 1999.

John D. Harding, Brian D. Mauk, Cape Girardeau, for appellant.

Jonah Yates, Cape Giradeau, for respondent.

KENT E. KAROHL, Judge.

Janice Graff, Plaintiff, appeals judgment in her favor in the amount of $4685 as repayment for a down payment. She paid Defendants, Glen Kinder and his wife Betty Kinder, $14,000 as a down payment for the purchase of real estate, in accord with a contract for deed signed by the parties on September 1, 1996. She filed a two count petition alleging, in the alternative, a claim for money had and received or for unjust enrichment. She did not attempt to allege a cause of action for breach of contract. In each count, she requested a judgment for the return of her $14,000 down payment and cancellation of the agreement. She was not able to complete the purchase because of injuries she sustained after agreeing to the purchase. The court awarded Plaintiff $4685.

Plaintiff argues that the trial court erred: (1) in not holding the parties' con-

tract void because a contingency was not performed by Plaintiff; (2) in calculating and applying the wrong measure of damages because she was entitled to be reimbursed for her down payment less any amount she owed for unpaid rent; (3) in finding that a tenancy at will was not created between Defendants and Plaintiff's holdover tenants; (4) in calculating damages in that Plaintiff was not responsible for any rent due after the tenancy at will was created between Defendants and Plaintiff's holdover tenants or after Defendants satisfied their duty to mitigate any damages by renting the premises to others; and (5) in not awarding Plaintiff prejudgment interest.

Defendants filed a counterclaim for specific performance of the contract mentioned in Counts I and II of Plaintiff's petition. The court has never ruled on the counterclaim. Accordingly, in the absence of an expressed determination that there is no just reason for delay, the judgment of the trial court is not final and not appealable. Rule 74.01(b). We have searched the record, including all of the minutes of proceedings and notices provided this court during the appeal, and find no ruling and no order authorized by the rule. Therefore, the appeal is premature and must be dismissed.

For the benefit of the trial court and the parties, we have fully reviewed the evidence offered by Plaintiff in support of her causes of action. On the undisputed facts, the parties entered into a written contract for deed, including rental of a residential property owned by Defendants. The terms of the contract prepared by Defendants are vague, indefinite and uncertain. It may include a condition subsequent with regard to Plaintiff obtaining financing, if possible, and completing the purchase on a date not mentioned. A subsequent personal injury sustained in a motor vehicle collision and resulting financial hardship for Plaintiff may be wholly irrelevant to enforcing the rights and obligations of the parties under the contract. It is apparent that the evidence offered in support of a "refund" is not probative of either a claim for money had and received or unjust enrichment where the underlying facts were based upon a written contract for the sale of real estate. We are unable to determine from the judgment on which alternative count or on which theory the trial court relied in entering a money judgment for Plaintiff. Nor is it possible to determine how the court determined the amount of the judgment. If, after dismissal, further appeal proceedings are necessary, it would facilitate review if the court would include findings and conclusions in support of the judgment.

Appeal dismissed.

ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.